CHICAGO—FIRST DISTRICT—OCTOBER, 1912.    215

Ellis v. The Chicago Safe & Merchandise Co., 172 Ill. App. 215.

## George W. Ellis, Plaintiff in Error, v. The Chicago Safe & Merchandise Co., Defendant in Error.

### Gen. No. 17,318.

SALES—*damages on breach of contract.* Where furniture was sold on a contract of sale and was held under a landlord's lien and the seller assigned the contract of the purchaser and agreed to deliver the goods if possession could be obtained without litigation, the buyer, on a failure to deliver, could recover only a sum advanced for drayage and not amounts paid for the interest of a transferee of the original purchaser and for rent of a room rented in anticipation of receiving the furniture.

Error to the Municipal Court of Chicago; the Hon. JOHN ROONEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed October 1, 1912.

CHARLES A. WARD, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

Plaintiff's statement of claim alleged a sale and agreement to deliver to him furniture valued at $65, and claimed damages for failure to deliver the same.

Defendant had delivered the furniture to one Malone on a written contract of sale to him; the latter had parted with his interest and given possession of the goods to one Marshall, who had mortgaged them and who, at the time of the trial, was under arrest, and his landlord was holding the property under a landlord's lien. Five dollars were still due defendant on his contract of sale.

With knowledge of such circumstances, the parties to the case entered into an arrangement which plaintiff claims was a re-sale of the furniture to him on the payment of said balance of $5, and an agreement to

transport it back to defendant's store for $5 additional also paid defendant. Defendant admits the payments aforesaid, but claims that he merely assigned Malone's contract to plaintiff and agreed to deliver the goods only on condition that he could get possession of them without litigation. The main fact in controversy was whether the agreement to deliver was unconditional. On the evidence received, the court found the defendant was liable only for the $5 advanced to him for drayage, and we see no reason for disturbing such finding.

It is urged that the plaintiff should have been permitted to prove as damages what he had paid for Marshall's interest and for rent of a room in anticipation of receiving the furniture from defendant, and that the court should have allowed him to amend his claim to include such items. Regardless of the propriety of the court's ruling in refusing leave to amend his statement of claim, proof of such items was not admissible on the question of damages. The court evidently accepted defendant's version of the transaction, namely, that defendant parted with his title, leaving the plaintiff in the position of Malone, or his alleged assignee, Marshall, to assert such right as he had to possession of the goods which defendant only conditionally agreed to regain. Under such a construction of the contract there is no liability on the part of the defendant except to return the money advanced for drayage.

The judgment will be affirmed.

*Affirmed.*